## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Carl Hurvich,

       Plaintiff,

v.

U.S. Citizen and Immigration Services,

       Defendant.

Case No. 25-13424

**Complaint for Declaratory and Injunctive Relief Under the Freedom of Information Act**

## <u>INTRODUCTION</u>

1. Plaintiff, Carl Hurvich, Esq., brings this action against Defendant, U.S. Citizen and Immigration Services ("USCIS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel the disclosure of records in Defendant's possession. Mr. Hurvich filed a FOIA request with USCIS on September 2, 2025. The statutory deadline for USCIS to respond to Mr. Hurvich's FOIA request has expired, but USCIS has failed to make a determination on the request, in violation of FOIA.

## <u>JURISDICTION AND VENUE</u>

2. This Court has jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendant is a federal agency; Plaintiff resides in this District; and there is no real property involved in this action.

4. Because Defendant failed to comply with the applicable statutory time limitations in responding to Mr. Hurvich's FOIA request, Mr. Hurvich is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

5. Plaintiff, Mr. Hurvich, is a U.S. citizen who works in Medford, Massachusetts. Mr. Hurvich currently has a FOIA request filed with USCIS that has been pending beyond the 20-30-business days permitted by statute.

6. Defendant, U.S. Immigration and Citizenship Services, is a component of the U.S. Department of Homeland Security and is an agency within the meaning of 5. U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for adjudicating immigrant and non-immigrant applications and petitions of noncitizens, and USCIS has a field office in Massachusetts, where the basis for the FOIA request at issue occurred.

## LEGAL BACKGROUND

7. FOIA requires each agency, upon a request for records: (a) to conduct a search reasonably calculated to uncover all responsive documents, (b) to make the records available in the form or format requested if they are readily reproducible in that format, and (c) to promptly make available responsive records. 5 U.S.C. § 552(a)(3)(A)-(C).

8. FOIA also requires the agency to make a determination of whether it will comply with the request within 20-30 business days. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i); 6 C.F.R. § 5.6(c).

9. If the agency finds that unusual circumstances apply, it must request, by written notice, no more than an additional 10 business days to issue its determination. 5 U.S.C. § 552(a)(6)(B)(i).

10. If an agency fails to comply with the time periods set forth in the statute, the requester is "deemed to have exhausted his administrative remedies" and may seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i). The agency will not be permitted to assess search fees if it fails

to comply with the applicable time limits. 5 U.S.C. § 552(a)(4)(A)(viii)(I); 6 C.F.R. § 5.11(d)(2).

## FACTUAL ALLEGATIONS

### *Mr. Hurvich's USCIS FOIA Request*

11. On September 2, 2025, Mr. Hurvich submitted a FOIA request via his account within the USCIS online portal. *See* Exhibit A.

12. The request seeks any and all agency records pertaining to the immigration filings and correspondents of Plaintiff's client, Pierre Wagnac. These immigration documents are necessary to assist Mr. Wagnac with his ultimate goal of becoming a lawful permanent resident. Specifically, the FOIA request is likely to return a copy of Mr. Wagnac's sister's Form I-130 Petition for Alien Relative filed on behalf of Mr. Wagnac. Unfortunately, Mr. Wagnac's sister died before the I-130 Petition was adjudicated, and therefore the I-130 Petition was considered automatically. However, Mr. Wagnac may still request that I-130 Petition be reinstated, and if reinstated, then he may apply for lawful permanent resident status. Still, in order to request that the I-130 Petition be reinstated, he and his attorney, Plaintiff, need a copy of the I-130 Petition. Given his sister's passing he does not have access to copies of these documents.

13. As of September 5, 2025, Defendant sent Plaintiff a letter acknowledging it received Plaintiff's FOIA request and issued Control Number NRC2025409012 for the request. *See* Exhibit A. The request's estimated completion date was October 6, 2025. *See* Exhibit B. As of November 14, 2025, USCIS' online portal for FOIA requests indicates that Mr. Hurvich's request has the status: "Submitted - Pending Review."

14. Mr. Hurvich has received no other response or acknowledgement of his FOIA request.

15. As of the date of this complaint, after expiration of the statutory time period for a response, USCIS has failed to notify Mr. Hurvich of any determination regarding the scope of any responsive records USCIS intends to produce or withhold, and whether USCIS will produce the requested records or demonstrate that they are lawfully exempt from production.

## CAUSES OF ACTION

### COUNT ONE

*Violation of FOIA, 5 U.S.C. § 552 et seq.*

*Failure to Conduct an Adequate Search for Records*

16. Mr. Hurvich incorporates the allegations in the paragraphs above as though fully set forth here.

17. USCIS is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Mr. Hurvich's FOIA request.

18. Mr. Hurvich has a legal right to obtain such records, and no legal basis exists for USCIS' failure to search for them.

19. USCIS' failure to conduct a reasonable search for records responsive to Mr. Hurvich's FOIA request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

### COUNT TWO

*Violation of FOIA, 5 U.S.C. § 552 et seq.*

*Failure to Disclose Responsive Records*

20. Mr. Hurvich incorporates the allegations in the paragraphs above as though fully set forth here.

21. USCIS is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Mr. Hurvich's FOIA request. USCIS has failed to produce any records responsive to Mr. Hurvich's FOIA request.

22. Mr. Hurvich has a legal right to obtain such records, and no legal basis exists for USCIS' failure to disclose them.

23. USCIS' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

### COUNT THREE

#### *Violation of FOIA, 5 U.S.C. § 552 et seq.*

#### *Failure to Timely Respond*

24. Mr. Hurvich incorporates the allegations in the paragraphs above as though fully set forth here.

25. USCIS is obligated under 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i) to promptly make a determination about whether it will produce records responsive to Mr. Hurvich's FOIA request within 20-business days of receipt or, if the agency invokes unusual circumstances through written notice, which it has done here, within 30-business days of receipt.

26. USCIS has not made a determination on Mr. Hurvich's FOIA request within the statutory time period under FOIA. According to USCIS' own online FOIA portal, Mr. Hurvich requested the records on September 2, 2025, and, therefore, USCIS was required to produce the records within 30-business days, as it invoked the 10-business day extension, i.e., by October 15, 2025. USCIS has failed to produce the requested records.

27. Mr. Hurvich has a legal right to obtain such records, and no legal basis exists for USCIS' failure to disclose them.

28. USCIS' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. §§ 552(a)(3)(A)-(C) and (a)(6)(A) and (B), as well as the regulations promulgated thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this action;

(2) Declare that Defendant's failure to conduct a reasonable search for records responsive to Mr. Hurvich's FOIA request violates the FOIA;

(3) Declare that Defendant's failure to make a determination on Mr. Hurvich's FOIA request within the statutory time frame violates the FOIA and the regulations promulgated thereunder;

(4) Declare that Defendant's failure to promptly produce records responsive to Mr. Hurvich's FOIA request violates FOIA and the regulations promulgated thereunder;

(5) Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding records;

(6) Award costs and reasonable attorney fees incurred under 5 U.S.C. § 552(a)(4)(E), and any other applicable law; and

(7) Grant such further relief as the Court deems just and proper.


*Respectfully submitted,*
*Plaintiff,*
 /s/ Carl Hurvich /s/
Carl Hurvich, Esq.
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
(617) 245-8090
Carl@BrooksLawFirm.com
MA B.B.O. 698179

Dated: November 14, 2025