**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CARL HURVICH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;<br><br>Defendant. | Civil Action No. 25-cv-13424-AK |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

The Defendant United States Citizenship and Immigration Services ("USCIS"), by and through the undersigned counsel, submits this Memorandum in support of its Motion to Dismiss the Complaint ("Compl.") (ECF Doc. 1).

## FACTUAL BACKGROUND

On September 2, 2025, Plaintiff submitted a FOIA request via the USCIS online FOIA portal, for records pertaining to Pierre Alin Wagnac, seeking Mr. Wagnac's entire Alien File ("A-File). *See* Declaration of Jarrod Panter, Acting Associate Center Director and Chief FOIA Officer ("Panter Decl.") at ¶ 5. *See* Exhibit A to Declaration.

By letter dated September 5, 2025, USCIS acknowledged Plaintiff's request. (Panter Decl. ¶ 6). USCIS assigned FOIA number NRC2025409012 to the request for Mr. Wagnac's A-File as well as Petition IOE9504172307. (Panter Decl. ¶ 6). *See* Exhibit B.

By letter dated November 19, 2025, USCIS released Mr. Wagnac's A-File to the requester. 36 pages were released in full; 10 (ten) pages were released in part, and 6 (six)

were withheld in full. (Panter Decl. ¶ 7). The information not released to Plaintiff was withheld pursuant to 5 U.S.C. § 552(b)(6), (b)(7)(C) and (b)(7)(E). (Panter Decl. ¶ 7). Plaintiff was provided administrative appeal rights. (Panter Decl. ¶ 7). *See* Exhibit C.

On November 17, 2025, prior to the USCIS release described in paragraph 7, Plaintiff filed the instant lawsuit seeking the release of Mr. Wagnac's A-File which he believed would contain the petition filed on Mr. Wagnac's behalf by his late sister, Rose Felix. (Panter Decl. ¶ 8). Ms. Felix is not mentioned in the original request. (Panter Decl. ¶ 8).

Following receipt of the Complaint in this action and the release of Mr. Wagnac's A-File, USCIS was notified that Plaintiff sought the I-130 petition filed on Mr. Wagnac's behalf by his sister, Rose Felix, which was not released as part of the November 17, 2025, release. (Panter Decl. ¶ 9).

USCIS provided instructions to Plaintiff on how he could make a proper request for the I-130 petition filed by Ms. Felix, which is not located in Mr. Wagnac's A-File. (Panter Decl. ¶ 10).

Via the USCIS FOIA Portal on December 11, 2025, Plaintiff made a request for the I-130 petition filed by Rose Marie Felix on behalf of Mr. Wagnac. (Panter Decl. ¶ 11). *See* Exhibit D.

By letter dated December 16, 2025, USCIS acknowledged Plaintiff's request. (Panter Decl. ¶ 12). USCIS assigned FOIA number SMP2025005688. (Panter Decl. ¶ 12). *See* Exhibit E

By letter dated December 23, 2025, USCIS advised the requester that there was no record of the I-130 petition at USCIS. (Panter Decl. ¶ 13). The letter advised the requester to visit the State Department's National Visa Center located at travel.state.gov for more information. (Panter Decl. ¶ 13). *See* Exhibit F. The State Department's National Visa Center

("NVC") is a component of the United States Department of State. (Panter Decl. ¶ 13).

As Jarrod Panter, Acting Associate Center Director and Chief FOIA Officer of the Freedom of Information Act & Privacy Act Unit USCIS National Records Center, confirms in his Declaration, USCIS has searched for the I-130 petition filed by Rose Felix on behalf of Mr. Wagnac. (Panter Decl. ¶ 14). This petition is not with USCIS and cannot be located in USCIS files or systems. (Panter Decl. ¶ 14).

While the sponsor (Ms. Felix) began the immigration process by filing a petition on Mr. Wagnac's behalf with USCIS; after petition approval, the NVC, a component of the United States Department of State, handles the processing for certain kinds of documents, such as the I-130 petition that the requester seeks in this case. (Panter Decl. ¶ 14). NVC then sends these documents onward to post at a foreign consulate. Panter Decl. ¶ 14). The foreign consulate then reviews the visa application and supporting documents, conducts an interview to determine visa eligibility, and completes processing. Panter Decl. ¶ 14). This procedure is described in the State Department regulations located at 9 FAM 501.1-1(c). (Panter Decl. ¶ 14). Thus, the appropriate FOIA Office to make a request is the State Department's NVC. (Panter Decl. ¶ 14).

## STANDARD OF REVIEW

### A. The Legal Standard Under Rule 12(b)(1)

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998)). The requirement that the plaintiff establish subject matter jurisdiction "as a threshold matter 'spring[s] from the nature

and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co.*, 523 U.S. at 95 (internal quotations omitted). For that reason, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citing Rule 12(h)(3)).

"[T]he party advocating jurisdiction must make clear the grounds on which the court may exercise jurisdiction [and] [i]f the party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss." *Johansen v. U.S.*, 506 F.3d 65, 68 (1st Cir. 2007).

In FOIA cases, jurisdiction is granted to federal district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). As a prerequisite to this jurisdiction, however, there must be improper agency action under the statute for which judicial review may be sought. The language of the statute makes clear that "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion to dismiss for failure to state a claim; it may consider such materials on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002); *Jean v. Garland*, 636 F.Supp.3d 221, 223 (2022). A

district court's consideration of exhibits attached to a Rule 12(b)(1) motion does not convert it to a Rule 56 summary judgment motion. *Gonzalez,* 284 F.3d at 288.

## ARGUMENT

### 1. Plaintiff's Claims are Moot Since the Agency has Now Searched and Responded

Plaintiff alleges that, in violation of 5 U.S.C. § 552, USCIS failed to conduct an adequate search for records, failed to disclose responsive records, and failed to timely respond. (ECF Doc. 1 at 4-5). However, USCIS has now conducted its search for any responsive records and provided all responsive records in its possession.

In response to the first FOIA request of September 2, 2025, in which Plaintiff requested the A-File of Pierre Alin Wagnac, USCIS has released the entire A-File.

In response to the second FOIA request of December 11, 2025, in which Plaintiff requested the I-130 petition filed by Mr. Wagnac's sister Rose Felix on behalf of Mr. Wagnac; USCIS has undertaken a thorough search of its systems and concluded that this document does not exist in their systems or records. USCIS has advised Plaintiff that the I-130 petition should now be at the State Department's National Visa Center; and that he should contact the NVC to request that document.

Plaintiff has failed to show that USCIS has improperly withheld agency records. Accordingly, this Court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Because USCIS has produced all responsive records in its possession, Plaintiff's claims are moot, and this Court should dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the foregoing reasons, Defendant USCIS respectfully requests that the Court grant its motion to dismiss the Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: January 30, 2026

By: */s/ Shawna Yen*

Shawna Yen
Assistant U.S. Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3100
Email: Shawna.Yen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 30, 2026

By: */s/ Shawna Yen*
SHAWNA YEN
Assistant United States Attorney